FILED
2018 MAR 14 PM 1:33

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION REGARDING ACCOUNTS ASSOCIATED WITH CERTAIN LOCATION AND DATE INFORMATION, MAINTAINED ON COMPUTER SERVERS CONTROLLED BY GOOGLE, INC. | Case No. 1:18mj169<br><br>**Filed Under Seal** |

## AFFIDAVIT

I, Scott Kibbey being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information that is maintained on computer servers controlled by Google, Inc. ("Google"), an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A to the proposed warrant, which consists of Google location data associated with a particular specified location at a particular time, as specified in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. ' 2703(c)(1)(A) to require Google

1

to disclose to the government copies of the information further described in Attachment B.[1]

3. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since November since 2011. I am currently designated as a Cyber agent assigned to the Austin Resident Agency of the San Antonio Field Office. I have received formal and on the job training in cyber crime investigation techniques, computer evidence identification, and computer evidence seizure and processing. As a Federal Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have participated in the execution of numerous search warrants for documents and other evidence, including computers and electronic media, in cases involving crimes the FBI is authorized to investigate. I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in enforcing federal criminal laws and am authorized by the Attorney General to request a search warrant, among other things.

4. I have participated in the investigation of the offense(s) listed herein. This affidavit is based on my personal knowledge as well as reports made by other law enforcement officers, including FBI Special Agents (SAs), Austin Police Department (APD), Bureau of

---

[1] The Government maintains that the information sought herein consists entirely of "record[s]" other than the "contents of communications," subject to an order under 18 U.S.C. § 2703(d), requiring only a showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. *See* 18 U.S.C. § 2703(c)(1)(A). Google has indicated that it believes a search warrant is required to obtain the location data sought in this application. Although the Government disagrees with Google's position, because there is probable cause to believe that the information sought herein will contain evidence of the federal criminal offenses specified in this Affidavit, the Government is seeking a search warrant in this instance in order to speed collection of the data due to its time sensitive nature.

2

Alcohol, Tobacco, Firearms, and Explosives (ATF), the U.S. Postal Inspection Service (USPIS), and other law enforcement. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a search warrant, and it does not contain every fact known to me or other agents of the Federal Bureau of Investigation. Additionally, the incidents described herein occurred a short time ago; the investigation is ongoing and in its preliminary stages.

5. The APD, ATF, FBI, USPIS, and other agencies are investigating a series of bombings that occurred in Austin, Texas, which is within the Western District of Texas, in March 2018. Preliminary analysis of the bombings revealed that the explosive device utilized in all three incidents was a pipe bomb concealed inside of a cardboard box. Those devices are each legally classified as a Destructive Device as defined by Title 26 United States Code § 5845. Title 26 United States Code § 5861 makes it unlawful for any person to possess a firearm ("firearm" is defined as including a Destructive Device) that is required to be registered with the National Firearms Registration and Transfer Record and is not so registered. Title 26 United States Code § 5861 also makes it unlawful to transfer a firearm (including a Destructive Device) to a person to whom the firearm is not registered.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that the Google accounts identified in Attachment A, associated with a particular specified location at a particular specified time, contain evidence, fruits and instrumentalities of a violation of Title 26 United States Code § 5861 (prohibited possession/transfer of destructive device defined by Title 26 United States Code § 5845), among other statutes (the "Subject Offenses"). This affidavit is

based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers, as well as my training and experience.

## JURISDICTION

3. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711 and 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND RELATING TO GOOGLE, GOOGLE LOCATIONS SERVICES AND RELEVANT TECHNOLOGY

4. A cellular telephone or mobile telephone is a handheld wireless device primarily used for voice, text, and data communication through radio signals. Cellular telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "landline" telephones. Cellular telephones rely on cellular towers, the location of which may provide information on the location of the subject telephone. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

5. Google is a company which, among other things, provides electronic communication services to subscribers, including email services. Google allows subscribers to obtain email accounts at the domain name gmail.com and/or google.com. Subscribers obtain an account by registering with Google. A subscriber using the Provider's services can access his or her email account from any computer connected to the Internet.

6. Google has developed an operating system for mobile devices, including cellular

4

phones, known as Android, that has a proprietary operating system. Nearly every cellular phone using the Android operating system has an associated Google account, and users are prompted to add a Google account when they first turn on a new Android device.

7. Based on my training and experience, I have learned that Google collects and retains location data from Android-enabled mobile devices when a Google account user has enabled Google location services. Google can also collect location data from non-Android devices if the device is registered to a Google account and the user has location services enabled. The company uses this information for location-based advertising and location-based search results. This location information is derived from GPS data, cell site/cell tower information, and Wi-Fi access points.

8. Location data can assist investigators in understanding a fuller geographic picture and timeline by identifying the cellular telephones in the area during the offenses described below. This, in turn, will allow law enforcement to identify potential witnesses, as well as possibly inculpating or exculpating account owners. Additionally, location information digitally integrated into image, video, or other computer files sent via email can further indicate the geographic location of the accounts user at a particular time (e.g., digital cameras, including on cellular telephones, frequently store GPS coordinates indicating where a photo was taken in the metadata of image file).

## FACTS

9. On March 2, 2018 at approximately 6:55 am, at 1112 Haverford Drive, Austin, Texas 78753 in the Western District of Texas, an explosion occurred on the front porch of the

single story brick residence, resulting in the death of Anthony S. House.

10. On March 12, 2018 at approximately 6:44 am at 4806 Oldfort Hill Drive, Austin, Texas 78723 in the Western District of Texas, an explosion occurred inside the residence, resulting in the death of a 17-year old victim and injuries to an additional victim.

11. On March 12, 2018 at approximately 11:50 am at 6706 Galindo Street, Austin, Texas 78741 in the Western District of Texas, an explosion occurred outside of the residence, sending one person to the hospital with injuries. Based on communications from the victim, the package containing the explosive device may have had the address "6705 Galindo" written on it.

12. Law enforcement has assessed that the explosive devices shared commonalities, such as the delivery method, contents of the explosive device, and the manner of detonation. Law enforcement believes all three explosions are linked.

13. The Government has not found any information of a registered Destructive Device for any of the victims of these bombings or residence of the homes, making the possession or transfer to them unlawful.

14. The Government is requesting in this warrant the Google information for all Google accounts in the near vicinity of the explosions during the time period I believe the explosive devices were placed at the bombing locations. By identifying the users of the Google accounts or IP addresses of the devices in the area during these prescribed times and cross-referencing that data with other investigatory steps such as cellular telephone calling records, a suspect(s) or witness(es) may be identified. The relevant location parameters and time periods are as follows:

Date/Time: From 7:00 p.m. on March 1, 2018 until 7:00 a.m. on March 2, 2018

Geographical box with the following 4 (four) latitude and longitude coordinates of 1112 Haverford Drive, Austin, Texas 78753:

1) 30.405511, -97.650988

2) 30.407107, -97.649445

3) 30.405590, -97.646322

4) 30.404329, -97.647983

Date/Time: From 7:00 p.m. on March 11, 2018 until 7:00 a.m. on March 12, 2018

Geographical box with the following 4 (four) latitude and longitude coordinates of 4806 Oldfort Hill Drive, Austin, Texas 78723:

1) 30.286282, -97.676573

2) 30.291056, -97.673680

3) 30.290193, -97.671700

4) 30.286524, -97.673961

Date/Time: From 7:00 p.m. on March 11, 2018 until 12:00 p.m. on March 12, 2018

Geographical box with the following 4 (four) latitude and longitude coordinates of 6706 Galindo Street, Austin, Texas 78741:

1) 30.227865, -97.698344

2) 30.227730, -97.694777

3) 30.229598, -97.692699

7

4) 30.229598, -97.697054

## EVIDENCE, FRUITS AND INSTRUMENTALITIES

15. Based on the foregoing, I respectfully submit that there is probable cause to believe that information stored on the Providers' servers associated with the Google accounts accessed at the particular specified locations at a the particular specified times, as detailed in Attachment A of the proposed warrant, will contain evidence, fruits and instrumentalities of the Subject Offenses.

16. In particular, the geographical regions bounded by the latitudinal and longitudinal coordinates indicated in Attachment A to the proposed warrant reflects the surrounding region of each victim's address ('Target Areas'). The specific longitude and latitude indicated in Attachment A was identified through a mapping software, which matched the longitude and latitude indicated in Attachment A as corresponding to each victim address. This Affidavit seeks authority to collect certain location information related to Google accounts that were located within the Target Areas during the Target Time Period (the "Subject Accounts").

17. The information sought from Google regarding the Subject Accounts, specified in Attachment B to the proposed warrant, will identify which cellular devices were near the location where the bombings took place and may assist law enforcement in identifying persons were present or involved with the bombings under investigation. The requested information includes:

a. *Location information.* All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location

8

recordings, during the Target Time Period;

b. Each device corresponding to the location data to be provided by Google will be initially identified by Google only by a numerical identifier, without any further content or information identifying the user of a particular device. Law enforcement will analyze this initial data to identify users who may have witnessed or participated in the Subject Offenses or who may be potential witnesses.

c. For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, Google shall provide additional location history outside of the predefined area for those relevant accounts to determine path of travel. This additional location history shall not exceed 60 minutes plus or minus the first and last timestamp associated with the account in the initial dataset. (The purpose of path of travel/contextual location points is to eliminate outlier points where, from the surrounding data, becomes clear the reported point(s) are not indicative of the device actually being within the scope of the warrant.)

d. For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand of the agents, the Google shall provide the subscriber's information for those relevant accounts to include, subscriber's name, email addresses, services subscribed to, last 6 months of IP history, SMS account number, and registration IP.

9

## REQUEST FOR SEALING

18. I further request that the Court orders that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public, nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize this investigation.

## CONCLUSION

19. Based on the foregoing, I respectfully request that the warrant sought herein pursuant to the applicable provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) (for contents) and § 2703(c)(1)(A) (for records and other information), and the relevant provisions of Federal Rule of Criminal Procedure 41. Because this information is stored at Google and may require searches in various time zones, the Government requests authority for this search to be conducted at any time, day or night.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
SCOTT KIBBEY
Special Agent
Federal Bureau of Investigation
Austin, Texas

Subscribed and sworn to before me at Austin, Texas, on this 14 day of March, 2018.

_____
HON. MARK LANE
UNITED STATES MAGISTRATE JUDGE

11